NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

| | : | |
|---|---|---|
| MISSION1ST GROUP, INC., | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 09-3758 (JAP) |
| v. | : | |
| | : | **ORDER** |
| GREGORY H. FILAK and | : | |
| FUTURE LIMITS, LLC, | : | |
| | : | |
| Defendants. | : | |
| | : | |
| GREGORY H. FILAK, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| RICHARD R. ZAREK, et al., | : | |
| | : | |
| Defendants. | : | |

---

PISANO, District Judge:

Before the Court is a motion, (Docket Entry no. 21), filed by Plaintiff Mission1st Group, Inc. and Third-Party Defendants Richard R. Zarek, Dean Hasselbrink, and Douglas Walsh (collectively, "M1") to dismiss certain counterclaims and third-party claims asserted by Defendants Gregory H. Filak and Future Limits, LLC (collectively, "Filak"). Filak opposes M1's motion.

On July 30, 2009, Plaintiff Mission1st Group, Inc. filed its complaint against Filak alleging various claims arising from Filak's starting a business venture that competes with M1. On April 8, 2010, Filak filed an amended answer and several counterclaims and third-party claims arising from alleged retaliatory actions taken by M1. On April 29, 2010, M1 filed the

instant motion to dismiss certain counterclaims and third-party claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted.  The Supreme Court set forth the standard for addressing a motion to dismiss under Rule 12(b)(6) in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007).  The *Twombly* Court stated that, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ... a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"  *Id.* at 555 (internal citations omitted).  Therefore, for a complaint to withstand a motion to dismiss under Rule 12(b)(6), the "[f]actual allegations must be enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact) ..." *Twombly*, 550 U.S. at 555 (internal citations and footnote omitted).

More recently, the Supreme Court has emphasized that, when assessing the sufficiency of a civil complaint, a court must distinguish factual contentions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).  A complaint will be dismissed unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570).  This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (citations omitted).

M1 first argues that Filak's claim under the Privacy Act ("Counterclaim I") must be dismissed because Filak fails to allege that M1 is an "agency." In Counterclaim I, Filak alleges that M1 disclosed information protected by the Privacy Act, 5 U.S.C. § 552a. The Privacy Act prohibits an agency from disclosing records regarding an individual without the individual's written consent, unless the disclosure meets certain conditions. 5 U.S.C. § 552a(b). In Counterclaim I, Filak asserts: "In collecting and maintaining the aforesaid information [M1] acted as an agency of the United States Government within the meaning of 5 U.S.C. § 552a." (Filak Answer ¶199). From this assertion, it is apparent that Filak has indeed alleged that M1 is an "agency" for purposes of filing suit under the Privacy Act. Therefore, the Court agrees with Filak that the allegation is sufficient to sustain the pleading beyond this motion to dismiss.

M1 then argues that Filak's defamation claim regarding M1's submission of a report to the government ("Counterclaim II") must be dismissed because M1's submission was protected by an absolute privilege. In Counterclaim II, Filak alleges that M1 submitted a written report (the "Report") to the United States Department of Defense that falsely accuses him of criminal conduct. Under the National Industrial Security Program Operating Manual ("NISPOM"), M1, as a government contractor, is required to "report adverse information coming to [its] attention concerning any of [its] cleared employees." NISPOM, DoD 5220.22-M, §1-302(a), February 28, 2006. Filak admits that M1 is a government contractor, (Filak Answer ¶7), and that he was a cleared employee, (Filak Answer ¶195). Therefore, M1 was required by NISPOM to submit a report of any criminal conduct to the Department of Defense.[1] Under *Becker v. Philco Corp.*, 372 F.2d 771 (4th Cir. 1967), a government contractor is not liable for defamation of an

---

[1] Criminal conduct clearly qualifies as "adverse information." *See* NISPOM, App. C (defining adverse information as "[a]ny information that adversely reflects on the integrity or character of a cleared employee, that suggests that his or her ability to safeguard classified information may be impaired, or that his or her access to classified information clearly may not be in the interest of national security.").

employee because of reports made to the government pursuant to a governmentally imposed duty. 372 F.2d at 775-76. This privilege is absolute and holds regardless of whether the information was rightly reported. *See id.* ("[W]e do not decide that the plaintiffs were rightly suspended . . . . Our decision only determines that an action for libel will not lie in the circumstances against a private party fulfilling its governmentally imposed duty to inform."). Because the Report was made pursuant to a governmentally imposed duty, M1's submission was absolutely privileged in a defamation claim.

For the same reasons, Filak's claim that M1 maliciously interfered with his prospective economic advantage ("Counterclaim IV") is dismissed to the extent it is based on the Report. *See Binkewitz v. Allstate Ins. Co.*, 537 A.2d 723, 730 (N.J. Super. Ct. App. Div. 1988) ("It is thus settled that words which are absolutely privileged against an action for defamation are also absolutely privileged against an action for tortious interference with contract or economic advantage. The rule is widely accepted."). To the extent Counterclaim IV is based on other actions by M1, the claim persists.

Finally, M1 argues that Filak's claims for invasion of privacy ("Counterclaim V") fail to state a claim under *Twombly* and *Iqbal*. Specifically, M1 demands that paragraphs 226 and 227 in Counterclaim V be stricken from Filak's answer. In his response, Filak concedes that paragraphs 226 and 227 should be stricken from Counterclaim V. (Filak Opp'n 16). Therefore, the Court strikes paragraphs 226 and 227 from Counterclaim V in Filak's answer.

The Court having considered the parties' written submissions,

**IT IS** on this 2nd day of December, 2010,

**ORDERED** that M1's motion to dismiss certain counterclaims and third party claims is **GRANTED IN PART** and **DENIED IN PART**; and it is

**FURTHER ORDERED** that Counterclaim II is dismissed; and it is

**FURTHER ORDERED** that Counterclaim IV is dismissed to the extent it is based on the Report; and it is

**FURTHER ORDERED** that paragraphs 226 and 227 are stricken from Counterclaim V; and it is

**FURTHER ORDERED** that the remainder of M1's motion is denied without prejudice.

/s/ JOEL A. PISANO
United States District Judge